

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

J.D. WALTON, INDIVIDUALLY, ETHEL WALTON
AND JONATHAN WALTON, A MINOR BY AND
THROUGH HIS NATURAL FATHER J. D. WALTON

PLAINTIFFS

VS.                                            CIVIL ACTION NO. 3:10cv601 DPJ-FKB

HUTTIG BUILDING PRODUCTS, INC.,
ARTHUR GALLAGHER & COMPANY,
RALPH HARRIS AND JOHN DOES

DEFENDANTS

HUTTIG BUILDING PRODUCTS, INC. AND
ACE AMERICAN INSURANCE COMPANY

GARNISHEES

### NOTICE OF REMOVAL

To:   J.T. Noblin, Clerk
      U.S. District Court, Southern District
      Jackson Division
      245 E. Capitol Street
      Jackson, MS 39225

      Barbara Dunn, Clerk
      Hinds County Circuit Clerk
      P.O. Box 999
      Raymond, MS 39154

      Charlene Priester
      Priester Law Firm, PLLC
      820 North Street
      Jackson, MS 39202

      William Walker, Jr.
      Walker & Associates, PLLC
      Post Office Box 13468
      Jackson, MS 39236-3468

**PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, Intervenor and Garnishee ACE American Insurance Company ('ACE") has removed this action from the Circuit Court of Second Judicial District of Hinds County, Mississippi to the United States District Court for the Southern District of Mississippi, Jackson Division.  Without waiving any defenses available to it, ACE states its grounds for removal as follows:

1.

This matter arises from a personal injury suit (the "Underlying Case") filed in the Circuit Court of the Second Judicial District of Hinds County, Mississippi.

2.

The Underlying Case alleged that J.D. Walton and his son, Jonathan Walton, were involved in an automobile accident with Ralph Harris ("Mr. Harris").  Mr. Harris was initially named as a Defendant in the Underlying Case.  Plaintiffs alleged Mr. Harris was operating a tractor trailer for Defendant Huttig Building Products, Inc. ("Huttig") at the time of the alleged automobile accident.  Mr. Harris was allegedly served with the Complaint in the Underlying Case.  Mr. Harris denies this.

3.

At the time of the accident, Huttig was insured through an ACE policy, Policy No. ISAH07932510 ("Policy").  Plaintiffs allege Mr. Harris was insured under the Policy.

4.

Plaintiffs applied for an entry of default against Mr. Harris with an accompanying Affidavit of Counsel.

5.

The Court in the Underlying Case entered a default judgment against Mr. Harris in the amount $1,620,407.00 in favor of J.D. Walton ("Mr. Walton") and Ethel Walton ("Mrs. Walton").

6.

On December 2, 2009, Plaintiffs filed a Suggestion of Garnishment against Huttig and ACE. A Writ of Garnishment was issued to Huttig and ACE on December 3, 2009, (the "Garnishment Action", attached hereto as Exhibit "A.") at which time the Underlying Case and the Garnishment Action, though separate and distinct actions, were removed to this Court. *Boston v. Titan Indem. Co.*, 34 F. Supp. 2d 419 (N.D. Miss. 1999) (noting garnishment action is a separate civil action from underlying wrongful death action); *Nungesser v. Bryant*, Case No. 07-1285-WEB, WL 4374022 *6 (D. Kan. Dec. 7, 2007) (noting non-diverse underlying suit may be removed with diverse garnishment action). ACE filed its Answer to the Garnishment Action on December 29, 2009.

7.

On April 23, 2010, ACE moved to intervene in the Underlying Case for the purpose of setting aside the Default Judgment entered in that case. ACE's Motion was granted on May 19, 2010.

8.

On August 13, 2010, Judge Henry T. Wingate ("Judge Wingate") signed an Amended Order Granting Remand (the "Order", attached hereto as Exhibit "B") to the Circuit Court of the Second Judicial District of Hinds County, Mississippi. The remand

was premised upon the fact that the default judgment entered against Mr. Harris in the Underlying Case was interlocutory in nature and not a final judgment. Accordingly, Mr. Harris was still a party to the case, whose presence destroyed diversity.

9.

The Remand Order specifically states:

> The court is persuaded to remand this case to state court. The garnishment action is not a valid basis for removal to this court. It was not based on a final judgment of the case. The state court must be afforded the opportunity to enter a final judgment. Pending the resolution of this case in state court, Harris, a Mississippi resident remains a defendant in the state court litigation. As such, this court cannot maintain subject matter jurisdiction of this case based on diversity jurisdiction. Harris, a defendant in the state court action, and plaintiffs are all citizens of the State of Mississippi.

10.

On October 14, 2010, Plaintiffs dismissed Huttig from the Underlying Case converting the default judgment against Harris into a final judgment. See Order dismissing Huttig, attached hereto as Exhibit "C." This is because Huttig's dismissal from the Underlying Case resulted in the full adjudication of all remaining claims in the Underlying Case, and ended the Underlying Case as to all claims asserted against Huttig and Mr. Harris. *See Miss. R. Civ. P.* 54(b); *Tom Benson Co. v. Ervine*, 574 S.W.2d 221, 221 (Tex. Civ. App. San Antonio 1978) (holding interlocutory default judgment became final when trial court granted plaintiff's motion for nonsuit against co-defendant). *McEwen v. Harrison*, 162 Tex, 345 S.W.2d 706, 707 (1961) (holding interlocutory default judgment became final when plaintiff nonsuited other defendants).

11.

Plaintiffs have conceded that by virtue of Huttig's dismissal, the judgment against Mr. Harris is now final.  See email chain amongst counsel dated October 15, 2010, attached hereto as Exhibit "D."

12.

This case is now one between diverse parties, as Mr. Harris, a Mississippi resident, is no longer a defendant. *See Motley v. Option One Mortgage Corp.*, 620 F. Supp. 2d 1797 (M.D. Ala. 2009) (case becomes removable when non-diverse party is eliminated from proceeding); *Heniford v. Am. Motors Sales Co.*, 471 F. Supp, 328, 334 (D.S.C.) ("It is quite well settled that if the plaintiff voluntarily dismisses, discontinues, or in any way abandons the action as to the resident joint defendant, the cause then becomes removable . . ..").

13.

Plaintiffs are resident citizens of the State of Mississippi.  ACE is a foreign corporation, organized and existing under the laws of Pennsylvania, with its principal place of business located in Philadelphia, Pennsylvania.

14.

This Court has jurisdiction of this Garnishment Action by virtue of the complete diversity of citizenship existing between Plaintiffs and ACE.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

15.

This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332, and removal jurisdiction pursuant to 28 U.S.C. § 1441.

16.

This Notice of Removal is being filed and served within thirty (30) days of the October 14, 2010, Order dismissing Huttig from the case, which Order resulted in a final judgment against Mr. Harris thereby removing him as a defendant.  This Order is one from which it may be first ascertained that the case is one which has become removable pursuant to USC § 1446(b).

17.

A copy of this Notice of Removal is being served upon Plaintiffs by and through their counsel, and is being filed with the Clerk of the Second Judicial Circuit of Hinds County, Mississippi.  A copy of all process, pleadings and Orders served upon Defendants in the Underlying Case and the Garnishment Action shall be filed in accordance with 28 USC § 1446(a).  Pursuant to L.R. 5(b)(7), ACE shall obtain a complete copy of the record in the state court from which this action was removed and electronically file same with this Court within fourteen (14) days after docketing in the electronic filing system.

Respectfully submitted this 22nd day of October, 2010.

*David Strickland*
David B. Strickland III
Mississippi Bar No. 103453
B. Stevens Hazard
Mississippi Bar No. 2140
DANIEL COKER HORTON & BELL, P.A.
4400 Old Canton Road, Suite 400
P.O. Box 1084
Jackson, MS  39215-1084
Telephone: 601-969-7607
Facsimile: 601-969-1116
Email: dstrickland@danielcoker.com
Email: shazard@danielcoker.com


Co-counsel:

Kenan G. Loomis
(To apply for *Pro Hac Vice* Admission)
COZEN O'CONNOR
Suite 2200, SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA  30308-3264
Telephone: 404-572-2000
Facsimile: 877-728-1396
Email: kloomis@cozen.com

Attorneys for Defendant/Garnishee
ACE American Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

J.D. WALTON, INDIVIDUALLY, ETHEL WALTON
AND JONATHAN WALTON, A MINOR BY AND
THROUGH HIS NATURAL FATHER J. D. WALTON

PLAINTIFFS

VS.                                 CIVIL ACTION NO. 3:10cv601DPJ-FKB

HUTTIG BUILDING PRODUCTS, INC.,
ARTHUR GALLAGHER & COMPANY,
RALPH HARRIS AND JOHN DOES

DEFENDANTS


HUTTIG BUILDING PRODUCTS, INC. AND
ACE AMERICAN INSURANCE COMPANY

GARNISHEES


### CERTIFICATE OF SERVICE

I, David Strickland, one of the attorneys for ACE American Insurance Company, hereby certify that I have this day served by mail and email, a true and correct copy of the above and foregoing instrument to the following:

Barbara Dunn, Clerk
Hinds County Circuit Clerk
P.O. Box 999
Raymond, MS 39154

Charlene Priester
Priester Law Firm, PLLC
820 North Street
Jackson, MS  39202

William Walker, Jr.<br>
WALKER & ASSOCIATES, PLLC<br>
P.O. Box 13468<br>
Jackson, MS 39236-3468

Respectfully submitted this 22nd day of October, 2010.

*/s/ David B. Strickland III*
David B. Strickland III
Mississippi Bar No. 103453
B. Stevens Hazard
Mississippi Bar No. 2140
DANIEL COKER HORTON & BELL, P.A.
4400 Old Canton Road, Suite 400
P.O. Box 1084
Jackson, MS 39215-1084
Telephone: 601-969-7607
Facsimile: 601-969-1116
Email: dstrickland@danielcoker.com
Email: shazard@danielcoker.com