**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**


ACE AMERICAN INSURANCE COMPANY                                   PLAINTIFF

V.                                           CIVIL ACTION NO. 3:10-CV-527-HTW-LRA

HUTTIG BUILDING PRODUCTS, INC. ET AL                             DEFENDANTS

**CONSOLIDATED WITH:**

WALTON ET AL                                                     PLAINTIFF

V.                                           CIVIL ACTION NO. 3:10-CV-601-HTW-LRA

HUTTIG BUILDING PRODUCTS, INC. ET AL                             DEFENDANTS

V.

ACE AMERICAN INSURANCE COMPANY                                   GARNISHEE


**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court are eight motions in two consolidated cases regarding an automobile accident and related insurance coverages.  Four motions are pending in civil action no. 3:10-cv-527, ACE American Insurance Company v. Huttig Building Products, Inc., et al: (1) a motion for summary judgment filed by the plaintiff, ACE American Insurance Company ("ACE") [docket no. 38]; (2) a motion for summary judgment filed by Ethel, J.D. and Jonathan Walton ("Waltons") [docket no. 46]; (3) a motion to strike plaintiffs' reply and dismiss Writ of Garnishment, filed by ACE  [docket no. 56]; and (4) a motion to deem motion to strike moot filed by the Waltons [docket no. 61].

Civil action no. 3:10-cv-601, Walton et al v. Huttig Building Products, Inc. et al,

1

also presents four motions: (1) a motion to set aside default judgment [docket no. 6] filed by Huttig Building Products, Inc. ("Huttig"); (2) a motion to set aside default judgment [docket no. 8], filed by ACE; (3) a motion for sanctions and award of attorney fees [docket no. 18], filed by ACE; and (4) a motion for attorney fees under Title 28 U.S.C. § 1927 [docket no 20], filed by ACE.

For the reasons discussed below, this court grants the motions to set aside default judgment filed by ACE and Huttig, grants ACE's motion to strike and dismiss the Writ of Garnishment, denies the Waltons' motion to deem moot ACE's motion to strike, and denies both ACE's and the Waltons' motions for summary judgment as moot.  This court further denies ACE's motion for Rule 11 sanctions against Attorney William Walker, and grants ACE's motion for attorney fees under Title 28 U.S.C. § 1927.

Civil action no. 3:10-cv-527, is a declaratory judgment action filed in this  federal court by ACE against Huttig, the Waltons, and Ralph Harris ("Harris"), pursuant to Title 28 U.S.C. § 2202.[1]  In this lawsuit, ACE asks this court to determine its liability for coverage under its insurance contract with Huttig.  ACE invokes this court's diversity jurisdiction, pursuant to Title 28 U.S.C. § 1332,[2] because Harris and the Waltons' are residents of Mississippi.  Huttig is a Missouri corporation with a principal place of

---

[1] Title 28 U.S.C. § 2202 states:
Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

[2] Title 28 U.S.C. § 1332 states in pertinent part:
(a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
    (1) citizens of different States;

business in St. Louis, and ACE is a Pennsylvania Corporation with a principal place of business in Philadelphia.  All parties concede the amount in controversy exceeds $75,000, exclusive of costs and fees.

Civil action no. 3:10-cv-601 is the underlying damages suit filed by the Waltons against Huttig and Harris in the Circuit Court of the Second Judicial District of Hinds County, Mississippi, for personal injury and damages incurred when Harris's tractor-trailer struck the Walton's car while traveling on Interstate 20 in Hinds County.  ACE intervened in this case in May of 2010, after a Writ of Garnishment was entered against it to collect a default judgment against Harris, one of ACE's insured's who allegedly caused the accident.

## I. Background

On April 20, 2005, Harris, a contract tractor-trailer driver for Huttig, struck the rear of the car driven by J.D. Walton ("J.D.").  J.D.'s son, Jonathan ("Jonathan") was a passenger.  Both Jonathan and J.D. were seriously injured.  Huttig carried auto insurance through ACE, which covered Harris under the omnibus clause of the policy.

Huttig notified ACE of the wreck, and ACE communicated with the Walton's attorney to resolve their claims.  The parties were unable to settle the claims, so the Waltons filed suit against both Huttig and Harris on May 15, 2006, in the Circuit Court of the Second Judicial District of Hinds County, Mississippi.  The Waltons filed a motion for default judgment against Harris after he failed to respond.  The hearing for default judgment was originally noticed for November 7, 2008.  The motion was withdrawn before the hearing, but re-noticed to be heard on November 13, 2009.  Neither Harris, ACE, nor Huttig responded.  The hearing was held on the noticed date, and default

3

judgment, in the amount of $1,620,407, was entered against Harris on November 16, 2009.  On December 3, 2009, the Waltons obtained a Writ of Garnishment against ACE and Huttig in the Circuit Court for the Second Judicial District of Hinds County, Mississippi, to satisfy the default judgment against Harris.

Huttig removed this underlying case to federal court in December, 2009, [civil action no. 3:09-cv-730], based on diversity of citizenship, Title 28 U.S.C. § 1332, arguing that the citizenship of Ralph Harris, a Mississippi resident, should be disregarded because after the entry of default against him and issuance of Writs of Garnishment against ACE and Huttig, Harris was no longer a party to the garnishment action.  In April of 2010, ACE filed a motion to intervene which was granted May 19, 2010.

This court remanded the case to state court on August 13, 2010, finding that the default judgment against Harris was not a final judgment under Rule 54[3] because it did not dispose of all claims against all parties.  Because the default judgment was not final, said this court, Harris, an instate defendant, was still a party to the suit and his presence destroyed complete diversity of citizenship necessary for federal subject matter jurisdiction under § 1332.

_____

[3] Fed.R.Civ.P. 54 states in pertinent part:
(b) JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct
entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

While the damages lawsuit proceeded in state court, ACE filed a separate declaratory judgment action in this court [civil action no. 3:10-cv-527], on September 23, 2010, to determine its rights and obligations under its insurance contract with Huttig.

On October 14, 2010, in state court, the Waltons dismissed Huttig from the suit without prejudice.  This dismissal resolved the remaining claims against all defendants, converting the default judgment against Harris to a final judgment.

The garnishee, ACE, removed the suit again, claiming diversity because all that remained was the garnishment action between the Waltons and ACE, diverse parties. That removed action was assigned civil action no. 3:10-cv-601.

## II. Civil Action No. 3:10-cv-601, Walton v. Huttig

### A.  Motions to Set Aside Default Judgment

Huttig filed a motion in state court to set aside the default judgment against Ralph Harris, [docket no. 6], pursuant to M.R.C.P. 55(c) and 60(b) on September 30, 2010, in Hinds County Circuit Court's Second Judicial District.  ACE filed a motion to set aside the default judgment against Ralph Harris and to join Huttig's motion to set aside default, [docket no. 8],  on October 4, 2010.  These motions were brought to the attention of this court by motions filed by ACE, [docket nos. 6 & 8], pursuant to L.U.Civ.R. 5(b)(2)[4] which requires separate docketing of non-adjudicated motions in a

---

[4] L.U.Civ.R. 5(b)(2) (effective Dec. 1, 2009) states:
(b) Removals.
 (2) Separate Docketing of All Nonadjudicated Motions. In addition to the filing required by L.U.CIV.R. 5(b)(1), no later than fourteen days after the docketing in the electronic filing system of a removed action, the removing party must file as separate docket items each nonadjudicated motion and supporting memoranda (with associated exhibits and any other supporting materials) from the state court record, whether denominated in the state court record as a motion or in effect a motion contained within the body of the pleading, so as to provide notice to the court that the

removed case.

The default judgment was entered and the motions to set aside the default judgment and responses were filed in state court relying on Mississippi statutes and precedent.  Once a state court proceeding is removed, the federal district court, in diversity cases, must apply the Federal Rules of Civil Procedure to govern issues addressed by those rules.  *See Hanna v. Plumer*, 380 U.S. 460, 471-72, 85 S.Ct. 1136, 1144-45, 14 L.Ed.2d 8 (1965).  Mississippi and Federal Rules 55(c) and 60(b), however, are essentially identically.[5]  And, as demonstrated by the case law below, the Fifth

---

motions remain pending for adjudication.

[5] M.R.C.P. 55(c) states:
(c) Setting Aside Default. For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Fed.R.Civ.P 55(c) states:
(c) SETTING ASIDE A DEFAULT OR A DEFAULT JUDGMENT. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

M.R.C.P. 60(b) states:
Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) fraud, misrepresentation, or other misconduct of an adverse party;
   (2) accident or mistake;
   (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
   (4) the judgment is void;
   (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
   (6) any other reason justifying relief from the judgment.

Fed.R.Civ.P. 60(b) states:
(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal

Circuit and Mississippi state courts have taken similar approaches when applying these rules.

Federal Rule of Civil Procedure 55(c) allows the court to set aside a default judgment either for "good cause" or for any of the reasons enumerated in Rule 60(b). Under Fed.R.Civ.P. 60(b)(4), the court may relieve a party from a final order or judgment if "the judgment is void."

Default judgments are not favored by Federal law or the law in Mississippi, "and trial courts should not be grudging in granting orders vacating such judgment where showings within the rules have arguably been made." *McCain v. Dauzat*, 791 So.2d 839, 842 (Miss. 2001); *see Lindsay v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Rule 60(b) should be "liberally applied" and "doubt should be resolved in favor of a judicial decision on the merits of a case". *Blois v. Friday,* 612 F.2d 938, 940 (5th Cir. 1980); *see McCain*, 791 So.2d at 843.

ACE alleges that the court did not have jurisdiction to enter the default judgment because Harris was never served with process.  A paralegal, Macdarrell Poullard, from the Priester law firm was tasked with serving the complaint and summons.  He retained

---

representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

process server, Bernice Tillman, who made three unsuccessful attempts to serve Harris.

Ms. Tillman returned the complaint and summons to Mr. Poullard, who claims he

personally served Harris on September 8, 2006, at about 8:00 a.m. at Harris' home

address, 918 Willow Street, Jackson, Mississippi.

ACE alleges both that Harris did not live at Willow Street address at the time of

alleged service, and was in Wichita, Kansas, the night before service, precluding him

from returning to Jackson in time to receive service.  This court takes judicial notice that

Wichita, Kansas is approximately 713 miles from Jackson, Mississippi.

In situations such as this, where service of process is contested, the plaintiff has

the burden of showing that the defendant was properly served.  *Carimi v. Royal*

*Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).  "If a court lacks

jurisdiction over the parties because of insufficient service of process, the judgment is

void and the district court must set it aside." *Id* at 1345.  Generally, it is within the

court's discretion to set aside a default judgment, and the court must balance certain

factors to make its determination.  But when a judgment is void, under Rule 60(b)(4),

"the district court has no discretion" and "must set it aside." *Id.*

The Walton's allegedly served defendant Harris under the Mississippi rules for

service of process.  The Waltons have filed a proof of service with the court and cite two

Mississippi cases to say that, under Mississippi law, the proof of service is presumed to

be true and cannot be refuted by the mere statements of the defendant that he was not

served.  *McCain v. Dauzat*, 791 So.2d 839, 842 (Miss. 2001);  *Bailey v. Beard*, 813

So.2d 682, 684 (Miss. 2002).

In *McCain v. Dauzat*, the Mississippi Supreme Court heard an appeal of the

8

denial of a motion to set aside default judgment.  The defendant, offering his own testimony, claimed he was not served with the summons and a copy of the complaint. The Mississippi Supreme Court found that the defendant's statement alone was insufficient to overcome the presumption that the proof of service was correct.  791 So.2d at 842.

The case of *Bailey v. Beard* also deals with a judgment debtor attempting to set aside a default judgment.  Defendant alleged that the plaintiff never served him process. The only evidence presented to the trial court on the issue of service was the proof of service and testimony from the plaintiff and defendant.  The trial court "accepted that Greg [the process server] served Bailey [the defendant] personally with service at his place of business" based on this evidence.  The Mississippi Supreme Court describes the determination of whether service was properly achieved as a "fact issue" to be decided within the discretion of the trial court, and found that the trial court "did not abuse its discretion" on this issue.  813 So.2d at 683-684.

In the case *sub judice*, the defendants have provided substantial evidence to show that Harris either did not live at the address where service was effected, or was not in Jackson, Mississippi, at the time he allegedly was served.  ACE has provided an affidavit from Mr. Harris, dated November 20, 2009, stating he was never served, and did not live at 918 Willow Street, Jackson, Mississippi, the address where he was supposedly served on September 8, 2006.  Although his statement alone would not overcome the presumption that the proof of service is correct, defendants have provided sufficient additional evidence to controvert the proof of service.  The record contains documents, including an accident report Harris submitted to Huttig at the time of the

9

accident, which indicated Harris lived at another address, 1110 Shalimar Drive, Jackson, Mississippi.  The affidavit of Lizzie Marshall, provided by plaintiffs, states that Harris' mother rented the home at 918 Willow Street, but moved from that address approximately a year prior to the September 2006 service of process.

Even if Harris lived at the Willow Street address, ACE has provided delivery logs and multiple affidavits from the Vice-President of Human Resources for North Star Foodservice, Harris' employer at the time he was allegedly served process, indicating he was not in Jackson, Mississippi, at the time of service.  The log and affidavits reflect that Harris, a truck-driver, was in Wichita, Kansas at 10:49 p.m. on September 7, 2006, the night before he supposedly was served process.  Harris himself appeared before this court and claimed he never received a summons and complaint at the Willow Street address where plaintiffs alleged to have served him, but may have received "something" in the mail.

The Waltons have provided this court both the sworn deposition testimony of Mac Poullard ("Poullard") and a proof of service signed by Poullard, stating that he personally served Ralph Harris on September 8, 2006, at 918 Willow Street, Jackson, Mississippi 39204 around 8:10 or 8:15 a.m.  Plaintiffs also provide an affidavit from Lizzie Marshall, the landlady for Harris' mother at 918 Willow Street.  Ms. Marshall's affidavit states that Harris and his mother lived at that home from 1995 to 2005.  She also asserts that after Harris' mother moved from that address, Harris would "come and go" for another year and a half to get his mail or use the house.

After a full review of the record, this court is not convinced that Harris was properly served as to allow the Circuit Court to exert personal jurisdiction over him.  To

enter judgment against a party, a court must have personal jurisdiction through proper service of process. *Carima*, 959 F.2d at 1345. If the defendant was improperly served, or not served at all, the judgment is void. *Id.* This court finds that the default judgment against Ralph Harris should be set aside, pursuant to M.R.C.P. 60(b)(4), because it was void *ab initio* for lack of service of process.

### B.  Writ of Garnishment

ACE originally filed a motion to strike plaintiffs' reply and to dismiss the Writ of Garnishment [civil action no. 3:10-cv-527, docket no. 56] on January 29, 2010, in the removed federal court case Walton et al v. Huttig Building Products, Inc. et al, civil action no. 3:09-cv-00730. ACE filed this motion requesting that the court strike plaintiffs' reply to ACE's answer and affirmative defenses to the Writ of Garnishment which plaintiffs obtained in state court against ACE. In the same motion, ACE asked this court to dismiss the Writ of Garnishment because the underlying default judgment was interlocutory, and could not serve as the basis for issuance of the Writ.

ACE's motion to strike was not adjudicated before this court remanded the case to state court. ACE has re-filed this motion in the instant case, pursuant to L.U.Civ.R. 5(b)(2), to notify the court that the motion was never heard. The Waltons responded on February 2, 2011, with a motion to deem the motion to strike moot [civil action no. 3:10-cv-527, docket no. 61]. These motions appear in the consolidated case 3:10-cv-527, but pertain to the underlying damages action 3:10-cv-601.

Above, this court set aside the default judgment against Harris. Therefore the Writ of Garnishment to collect the default judgment is void. This court grants in part and denies in part ACE's motion to strike [docket no. 56]. This court denies as moot ACE's

request to strike plaintiffs' reply to ACE's answer and affirmative defenses to the Writ of Garnishment.  This court, however, grants ACE's motion as it pertains to dismissal of the Writ of Garnishment, because said Writ is invalid.  This court denies the Waltons' motion to deem moot ACE's motion to strike [docket no. 61].

### C.  Rule 11 Sanctions and Attorney Fees Under Title 28 U.S.C. § 1927

ACE has filed motions for Rule 11[6] sanctions [docket no. 18] and attorney fees pursuant to Title 28 U.S.C. 1927[7] [docket no. 20] against Attorney William Walker ("Walker"), on the ground that he has recklessly or in bad faith pursued this garnishment action against ACE without any legal support to his claim, and despite admitting the Writ of Garnishment was void.

Attorney Walker, ACE says, pursued the garnishment action against it from December 3, 2009 to the present, refusing to dismiss it even though he admitted in pleadings as early as June of 2010, that the Writ of Garnishment is void and unenforceable.

On June 22, 2010, plaintiffs moved to remand the underlying action from federal

---

[6] Fed. R. Civ. P. 11 states in pertinent part:

By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

[7]  Title 28 U.S.C. § 1927 states:
Counsel's liability for excessive costs
Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

court to state court.  The motion to remand, signed by Walker, offers the argument that this court lacked diversity jurisdiction because of the continued presence of defendant Harris in the litigation.  In the same pleading, Walker acknowledges that the Writ of Garnishment was invalid.  Walker's pleading states:

> The default judgment against Defendant Harris was not a final judgment, since it did not end the litigation on the merits.  The liability and damages issues against Defendant Huttig was (sic) still left in the underlying case to be litigated.  Consequently, the default judgment was interlocutory in nature and was incapable of being used to execute on the judgment. Therefore, plaintiffs could not validly cause a Writ of Garnishment to be issued.  Plaintiffs' Motion to Remand, civil action no. 3:09-cv-730, docket no. 154 at ¶ 4.

After remand, the state court held a hearing on October 14, 2010, in which ACE's attorney asked Walker "I think Mr. Walker has previously agreed to dismiss ACE in the garnishment action.  Is that right Bill?"  Mr. Walker responded, "I have not."  Transcript of October 14, 2010, hearing in Circuit Court of the Second Judicial District of Hinds County at 6, docket no. 18-8.  ACE argues, therefore, that Walker continues to press an action against ACE which he has acknowledged is void and has no chance of success.

ACE has provided the court a list of twenty-three motions filed by plaintiffs in the garnishment action, only two of which were ever granted.  Plaintiffs' attorney, ACE says, has vigorously argued a wrong position for months, filing numerous motions and forcing all involved to expend excessive time and expense.  ACE maintains that this conduct rises to the level of bad faith, requiring sanctions.

Attorney Walker responds with three procedural objections to ACE's motions for sanctions and fees.  At the time ACE filed this motion, Walker points out, the case was under an order to stay, except for remand-related discovery, pending a ruling by the

district court on an open motion to remand.  Walker claims that defendants motions for

sanctions and attorney fees violate Magistrate Judge Ball's November 12, 2010 stay

order, and place the defendant in contempt of court.

Walker cites *Martin v. Trinity Ind., Inc.*, 959 F.2d 45 (5th Cir. 1992), to support his

contention that ACE has "violated" the Magistrate Judge's order to stay discovery by

filing this motion for sanctions.  In the *Martin* case, the Fifth Circuit affirmed the district

court's finding of contempt against defendant, Trinity Industries, for impeding a "warrant-

authorized" investigation by OSHA at a Trinity-owned steel plant.  *Id* at 47 n.1.  The

court states that "[c]ontempt is committed only if a person violates a court order

requiring in specific and definite language that a person do or refrain from doing an act.

'The judicial contempt power is a potent weapon which should not be used if the court's

order . . . is vague or ambiguous.'"  *Id* at 47 (internal citations omitted).

The stay order in question is a stay on discovery, which states:

> TEXT-ONLY ORDER STAYING DISCOVERY except for remand-related
> discovery pending a ruling by the district judge on the motion to remand.
> NO WRITTEN ORDER SHALL ISSUE. Signed by Magistrate Judge F.
> Keith Ball on November 12, 2010 (CSF) (Entered: 11/12/2010)

This order does not specifically or unambiguously bar the filing of motions.  Further, a

motion for Rule 11 sanctions is "collateral to the merits" of the case.  *Willy v. Coastal

Corp.*, 503 U.S. 131, 137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992).  The motion

for sanctions does not address the merits or underlying issues of the case beyond those

necessary to point out alleged inappropriate conduct by counsel opposite.  Nor does it

require counsel opposite or plaintiffs to produce documents, information or take any

action related to discovery.  This court concludes that defendant's motions for Rule 11

14

sanctions and attorney fees were not barred by the stay on discovery.

Walker asserts a second argument, that these motions are filed based on conduct which occurred during the first removal and for which Judge Wingate declined to award sanctions.  Plaintiffs rely on the case *Loumar v. Smith*, 698 F.2d 759 (5th Cir. 1983), to argue that the law of the case bars this court from sanctioning plaintiffs' attorney when it had the opportunity to do so prior to the first remand of this case to state court.  The amended order granting remand [civil action no. 3:09-cv-730, docket no. 164], says Walker, demonstrates that this court considered sanctions and decided not to impose them.  In that order, this court referenced ACE's arguments, during a motion hearing, made in response to plaintiffs' attorney's admission that the Writ of Garnishment could not stand because it was not based on a final judgment.  In its order this court stated:

> [. . .] ACE contends that was their position from the beginning that plaintiffs' Writ for Garnishment was improper, premature, and void ab initio.  They ask this court to dismiss them from the case with prejudice and sanction plaintiffs' counsel for vigorously arguing the wrong position for months [. . .].  Amended Order Granting Remand, civil action no. 3:09-cv-730, docket no. 164 at 5.

The Fifth Circuit, in *Loumar*, described the "law of the case" as a "doctrine closely related to *res judicata*," but which "prevents collateral attacks against the court's rulings during the pendency of a lawsuit," as opposed to after final judgment.  *Id* at 762.  In the *Loumar* case, a Texas plaintiff sued a Maryland defendant in federal district court in Texas.  After it had denied a motion by defendant to dismiss for lack of personal jurisdiction, the court later dismissed the suit without prejudice when the plaintiff was unprepared to go to trial.  The plaintiff filed a subsequent suit, also in a Texas federal

district court, asserting the same claims against the same Maryland defendant.  A different judge granted defendant's motion to dismiss for lack of personal jurisdiction, finding the defendant had insufficient contacts with Texas to meet the requirements of due process.  The plaintiff claimed that the district court judge was barred by the law of the case from ruling differently than the judge in the first case.  The Fifth Circuit affirmed the judge's dismissal, finding that the doctrine of *res judicata* "is categoric and requires that respect be accorded the prior judgment, while the law of the case doctrine is merely a 'rule of practice, based on sound policy that when an issue is once litigated and decided, that should be the end of the matter.'"  *Id.*  A prior decision, so long as final judgment has not been rendered, can be reconsidered by the judge who made it or a subsequent judge.  *Id.*

In this case, this court has not ruled on a motion for sanctions or attorneys fees related to the complained of conduct by plaintiffs' counsel.  The order referenced by Walker mentions comments made by defendants in a June 2010 hearing, that plaintiffs' counsel should be sanctioned.  At that time, no motion for sanctions was before the court.  For the court to issue sanctions under Rule 11 *sua sponte*, it must first give the party "notice and a reasonable opportunity to respond."  *Marlin v. Moody Nat'l Bank, N.A.,* 533 F.3d 374, 377 (5th Cir. 2008)(citing Fed. R. Civ. P. 11(c)(1).  The court had not given notice regarding sanctions, did not have a motion for sanctions before it, and did not rule on sanctions.  Even if this court had ruled against sanctions in June of 2010, the law of the case would not bar reconsideration of that decision.  See *Loumar*, 698 F.2d at 762.

Finally, Walker argues that this court lacks subject matter jurisdiction to hear

16

these motions because ACE still has a pending motion to set aside the default judgment against Harris.  Since that motion remains pending, says Walker, defendant Harris is a party to the lawsuit and there is no diversity.

The Supreme Court has held that a district court may entertain and rule on a Rule 11 motion as a collateral issue even when remanding a case for lack of subject matter jurisdiction.  *See Willy v. Coastal Corp.*, 503 U.S. 131, 138, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992).  The Supreme Court, in *Willy*, stated:

> [t]he interest of having rules of procedure obeyed [. . .] does not disappear upon a subsequent determination that the court was without subject-matter jurisdiction.  Courts do make mistakes; in [some cases] it may be possible immediately to seek relief in an appellate tribunal.  But where such an immediate appeal is not authorized, there is no constitutional infirmity under Article III in requiring those practicing before the courts to conduct themselves in compliance with the applicable procedural rules in the interim, and to allow the courts to impose Rule 11 sanctions in the event of their failure to do so.  *Id* at 139.

In this case, Attorney Walker has pursued a garnishment action against ACE for at least a year after admitting in his pleadings that the Writ of Garnishment was void. Even in the absence of subject matter jurisdiction to rule on the merits of this case, this court may exercise its powers to ensure that attorneys practicing before it conform their conduct to the rules.

Upon review of the docket, this court determines that the last pleading filed by Attorney Walker related to the garnishment against ACE was the motion to remand filed on June 22, 2010.  In this pleading Walker admitted the Writ of Garnishment was invalid.  His subsequent statement, taking the opposite position was in a state court hearing.

Rule 11 sanctions must apply to a specific pleading or paper filed with the court

17

which does not conform to the necessary standards of that rule.  *Edwards v. General Motors Corp.*, 153 F.3d 242, 245 (5th Cir. 1998).  This court cannot impose Rule 11 sanctions on a litigant or attorney for pleadings signed and submitted in state court.  *Id*.  And once having filed a pleading in compliance with Rule 11, an attorney has no continuing obligation to withdraw or correct a pleading if later discovered to be incorrect.  *Id*.  This court, therefore, has no power to sanction Attorney Walker under Rule 11 for pleadings or statements made in state court.  ACE provides a list of twenty-three motions filed in federal court by plaintiffs' attorney pursuing a garnishment action against ACE.  This list culminates with plaintiffs' supplemental motion to remand, in which, Attorney Walker does a complete about-face regarding the validity of the Writ of Garnishment, admitting it is void.  ACE has not suggested further pleadings, after Attorney Walker's reversal of his position, on which this court may base Rule 11 sanctions.

Title 28 U.S.C. § 1927 provides a vehicle to award attorney fees, costs and expenses, against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously."  *Edwards*, 153 F.3d at 246 (court sanctioned attorney under Title 28 U.S.C. § 1927 who "kept her meritless case alive for no purpose other than to force [the defendant] to settle or to defend it").  To impose sanctions pursuant to this statute the court must find the attorney acted both "unreasonably" and "vexatiously."  *Id*.  "This requires that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."  *Id*.

In this case, this court can find no reason that Attorney Walker has not dismissed the Writ of Garnishment against ACE.  He admitted its baselessness in June of 2010,

18

but allows it to stand to this day.  His comment made during a hearing in state court, that he has not agreed to dismiss the Writ of Garnishment is of concern.  Transcript of October 14, 2010 hearing in Circuit Court of the Second Judicial District of Hinds County at 6, docket no. 18-8.  In that hearing, the attorney for ACE, expecting the dismissal to be by consent because Attorney Walker had pled that the writ was invalid and void, offered to argue the motion to dismiss the writ.  Instead of providing any substantive argument, Attorney Walker merely stated that the motion was not noticed for that hearing.

Although Walker continues to argue, here in federal court, that there is no need to take any action on a void writ, its existence allows him a chance in the future to maintain its validity, as he did after the last remand of this action.  Despite his arguments that ACE's motion to strike is "useless", Walker's intransigence has necessitated further filings, responses, and time of this court.  Walker's allowing the writ to stand for more than a year after he first admitted it was invalid demonstrates a "reckless disregard of the duty owed to the court" which this court finds unreasonable and vexatious.  For these reasons, and the conduct described above, this court grants ACE's motion for attorney fees under Title 28 U.S.C. § 1927.  ACE is directed to submit a detailed listing of reasonable fees for activities it associates directly with responding to Walker's continuing to pursue the Writ of Garnishment after his June 22, 2010, admission of it's lack of validity.

### III.  Severing and Remand

This court exercised subject matter jurisdiction over the removed suit, civil action no. 3:10-cv-601, based on complete diversity of the parties.  Setting aside the default

judgment against Ralph Harris eliminates the final judgment which ended the in-state defendant's presence in this suit.  Harris' presence as a party to this ongoing action eliminates complete diversity and divests this court of jurisdiction.  This court finds it necessary to sever civil action no. 3:10-cv-601 from civil action no. 3:10-cv-527 pursuant to Fed.R.Civ.P 21[8], and remand civil action no. 3:10-cv-601 to the state court from which it was removed.

### IV.  Civil Action No. 3:10-cv-527 Motions for Summary Judgment

Both ACE and the Waltons have filed motions for summary judgment in the declaratory judgment action, claiming each is deserving of a judgment on the merits in their favor.  The parties have filed their motions pursuant to the authority of Rule 56 of the Federal Rules of Procedure.

Rule 56 states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Its jurisprudence is clear that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  The party seeking summary judgment has the burden to demonstrate to the court, by "identifying . . . portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, that no issues of material fact exist, and judgment should be entered in its favor. *Id.*

---

[8] Fed.R.Civ. P. 21. Misjoinder and Nonjoinder of Parties states:

Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party.

ACE files its motion for summary judgment, stating it does not owe a duty to defend Harris or pay the judgment against him because he breached the terms of the insurance contract by failing to notify it of the suit against him and failing to cooperate in his defense.  Because, as this court has ruled above, Harris was never served, he was not yet under a duty to give notice and to aid ACE in his defense.

The Waltons argue that they are deserving of summary judgment as to ACE's obligation to defend the suit and pay the default judgment.  This court, however, has set aside the default judgment for lack of personal jurisdiction.  Because of that development, the judgment to pay is also void.

This court, thus, denies both ACE's and the Waltons' motions for summary judgment as moot.  Neither has a basis in law and fact to be granted.

### V.  Conclusion

For the reasons explained above, this court grants both ACE's and Huttig's motions to set aside default judgment [civil action no. 3:10-cv-601, docket nos. 6 & 8]; denies ACE's motion for Rule 11 Sanctions [civil action no. 3:10-cv-601, docket no. 18] and grants ACE's motion for attorney fees under Title 28 U.S.C. § 1927 [civil action no. 3:10-cv-601, docket no. 20]; grants in part and denies in part the motion to strike, filed by ACE  [civil action no. 3:10-cv-527, docket no. 56] and denies the motion to deem motion to strike moot filed by the Waltons [civil action no. 3:10-cv-527, docket no. 61]; and denies both ACE's motion for summary judgment [civil action no. 3:10-cv-527, docket no. 38], and that filed by the Waltons' [civil action no. 3:10-cv-527, docket no. 46].

This court further severs these two consolidated cases and remands civil action

21

no. 3:10-cv-601 to state court.

IT IS SO ORDERED AND ADJUDGED this, the 25th day of July, 2011.

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:10-CV-527-HTW-LRA
*Consolidated with*: CIVIL ACTION NO. 3:10-CV-601-HTW-LRA
Memorandum Opinion and Order